J-A01011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            :            PENNSYLVANIA
                                            :
                v.                          :
                                            :
                                            :
EDUARDO PEREZ                        :
                                            :
               Appellant             :      No. 2537 EDA 2022

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000824-2017

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :            PENNSYLVANIA
                                            :
                v.                          :
                                            :
                                            :
EDUARDO PEREZ                        :
                                            :
               Appellant             :      No. 2538 EDA 2022

Appeal from the Judgment of Sentence Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000825-2017

BEFORE:   LAZARUS, P.J., PANELLA, P.J.E., and COLINS, J.[*]

CONCURRING/DISSENTING STATEMENT BY COLINS, J.:

**FILED JUNE 11, 2024**

I concur fully with the Majority's reasoning and analysis, but I respectfully dissent with its disposition of this case. Because at this stage it has not been determined that any portion of Dr. McColgan's testimony was

---

[*] Retired Senior Judge assigned to the Superior Court.

inadmissible, I would vacate Appellant's judgment of sentence and remand for further proceedings and not, at least initially, for a new trial. Instead, I would direct the trial court to hold a hearing on Appellant's objection to the admission of Dr. McColgan's testimony under the medical diagnosis and treatment hearsay exception. If the trial court deems Dr. McColgan's testimony to have been admitted in error, the trial court would then enter an order vacating Appellant's convictions and allow for a new trial. If the trial court determines that Dr. McColgan's testimony was properly allowed under the hearsay exception, then the court would reimpose Appellant's judgment of sentence and Appellant could then file an appeal and this Court could review the issue on a more complete record. I believe that this approach would save the burden and expense of an unnecessary third trial if the testimony is ruled admissible, while at the same time preserving the parties' rights to litigate the hearsay exception issue on a full record in the trial court and on appeal.